BUGHER and others *v.* PRESCOTT and others.

(*Circuit Court, W. D. Tennessee.* February 21, 1885.)

1. CONSTITUTIONAL LAW—STATUTE WITH DEFECTIVE TITLE—TENNESSEE ACT OF 1873, CH. 118; CONSTITUTION OF 1870, ART. 2, § 17—TAX SALES.

     A tax sale under the Tennessee act of 1873, *c.* 118, for the assessment and collection of taxes, is void, because the act contains legislation not expressed in its title, relating to state and county taxation, in which the subject of municipal taxation is not properly included.

2. SAME SUBJECT—TENNESSEE CODE, § 612 ET SEQ.

     A proceeding to sell land for taxes, under the unconstitutional act of 1873, cannot be sustained as a proceeding under the Code, (sections 612 *et seq.*,) because the two methods of procedure for the sale of lands for taxes are radically different.

In Ejectment.

*W. M. Randolph,* for plaintiffs.

*W. S. Flippin,* for defendants.

HAMMOND, J. The defendants claim to have purchased the plaintiff's land at a tax sale, made under the act of the general assembly of the state of Tennessee of March 25, 1873, *c.* 118, entitled "An act to provide more just and equitable laws for the assessment and collection of revenue for state and county purposes, and to repeal all laws now in force whereby revenue is collected from the assessment of real estate, personal property, privileges, and polls." On the authority of the case of *Knoxville* v. *Lewis,* 12 Lea, 180, the foregoing act must be pronounced unconstitutional, because it violates article 2, § 17, of the constitution of the state, which provides as follows: "No bill shall become a law which embraces more than one subject, that subject to be expressed in its title. All acts which repeal, revive, or amend former laws shall recite in their caption, or otherwise, the title or substance of the law repealed, revived, or amended." Const. 1870, art. 2, § 17. That case declared unconstitutional an act of the general assembly of April 7, 1881, (chapter 171,) with precisely the same title as the act of 1873, because its section 50 related to *municipal* revenues, while no reference was made to that subject in the title. The same infirmity exists in this act of 1873, which, in section 81, legislates on the subject of *municipal* revenues under the very same title as the other. No two cases could be more alike, for any difference between the two acts in the character of the legislation on the subject of municipal revenue is wholly immaterial. The infirmity does not depend on the distinctive features of the eccentric legislation, but its subject matter. Any legislation concerning municipal revenues, under the title above quoted, must be, according to that decision of the supreme court of the state,—which is binding on us, whatever we may think of it,—sufficient to avoid the whole act as obnoxious to the constitution. *State* v. *McCann,* 4 Lea, 1; *Murphy* v. *State,* 9 Lea, 373, 379.

It is too plain for any argument that a tax title, acquired by a sale in pursuance of this act of 1873, cannot be supported as a sale held in conformity to the provisions of the previously existing tax laws found in the Code, (T. & S. Ed.) §§ 612 *et seq.* The act of 1873 was intended to be a radical change of the mode of selling lands for taxes, and it is vain to seek to support the defendants' title by the former acts, which were in no sense complied with, nor intended to be, in making the sale.

It is not necessary to decide any other question argued. The tax deed of the defendants cannot stand if the act under which the proceeding took place is void. The case having been submitted without a jury, there must be a judgment for the plaintiffs. So ordered.